ANDREW ZORGER, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

### ERROR TO MACON.

An indictment will not lie against a road supervisor for failure to perform the duties imposed by the act of 1847. This act is directory merely.

THE grand jury of Macon county returned into court the following indictment:

Of November term of the Macon county Circuit Court, in the year of our Lord eighteen hundred and fifty-eight.

State of Illinois, Macon county, ss.

The grand jurors chosen, selected and sworn, in and for the county of Macon, in the name and by the authority of the people of the State of Illinois, upon their oaths, present that Andrew Zorger, on the first Monday in the month of March, in the year of our Lord eighteen hundred and fifty-eight, at the county aforesaid, was duly and legally appointed road supervisor for road district No. 27, in the county of Macon and State of Illinois, by the County Court of said county, and that said Andrew Zorger then and there accepted said appointment of road supervisor of said road district, for the period of one year, and became and was the legally appointed road supervisor of said district for the period of one year, then next ensuing, and until his successor should be appointed. And the grand jurors aforesaid, chosen, selected and sworn as aforesaid, in the name and by the authority aforesaid, upon their oaths aforesaid, do further present that said Andrew Zorger, then and there being supervisor as aforesaid, for road district as aforesaid, in the spring of the year aforesaid, did then and there unlawfully neglect and fail to call out the hands in said road district, and to expend a moiety of the labor due from the hands in said road district in the spring of the year aforesaid, in putting the roads and bridges in said road district in good repair, and in grading said roads where most needed, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Illinois.

13

Upon which capias issued and defendant arrested, March 7, 1859.

At July term, 1859, a motion was entered to quash said indictment, pending which, court adjourned.

At March term, 1860, the motion made at July term, 1859, to quash said indictment, was overruled. Plea of not guilty entered; trial by jury, and verdict of guilty rendered. Motions made in arrest of judgment, and for new trial, which were overruled, and exceptions taken.

At July term, 1860, judgment rendered on verdict, and fine of five dollars with costs, and that defendant stand committed until fine and costs are paid.

Errors assigned : The court erred in overruling motion to quash said indictment ; in overruling motion in arrest of judgment ; and in rendering final judgment on the verdict of the jury.

J. S. POST, and A. J. GALLAGHER, for Plaintiff in Error.

CATON, C. J. The only law which we find authorizing the indictment of a road supervisor for neglect of duty, is the fortieth section of the ninety-third chapter of the Revised Statutes, entitled Highways. That section is in these words : " Any supervisor who neglects to keep the roads is his district in good repair, agreeably to the provisions of this chapter, or fails to perform any other duty herein required, shall be liable to indictment, and on conviction thereof, shall be fined in a sum not less than five dollars and not exceeding fifty dollars, to be expended on some road within the district of said supervisor."

The defendant was indicted for neglecting to perform the duties specified in the sixth section of the act of 1847 as follows : " Each and every supervisor shall call out his hands, and do a fair proportion, at least a moiety, of the labor due, in the spring of the year, in putting the roads and bridges in good repair, and grading the same where most needed."

The first section only authorizes indictments for neglect of the duties specified in that act, and the legislature has prescribed no penalty, and fixed no punishment for failing to perform the duties enjoined by the last section quoted, which is in an act passed two years subsequently. That leaves the provisions of the last act directory only. The motion to quash the indictment should have been sustained.

The judgment of the Circuit Court is reverred.

*Judgment reversed.*